UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL L. ROBINSON, )
        Movant, )
        vs. )   Case No. 4:08-CV-72 (CEJ)
UNITED STATES OF AMERICA, )
        Respondent. )

**MEMORANDUM**

This matter is before the Court upon the motion of Michael Robinson to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response addressing the merits of the motion.

**I. Background**

An indictment charged Robinson with conspiracy to distribute and possess with intent to distribute marijuana, cocaine and methamphetamine (Count I); possession of a firearm in furtherance of a drug trafficking crime (Count III); and felon in possession of a firearm (Count IV). Based on Robinson's three prior drug convictions, the government filed a criminal information pursuant to 21 U.S.C. § 851. As a result, the statutory penalty Robinson faced for Count I increased from a minimum of ten years' imprisonment to a mandatory life sentence of imprisonment. On October 10, 2006, Robinson pled guilty to Count I. In exchange for his guilty plea, the government agreed to dismiss the remaining counts against him and to withdraw the criminal information as to two of Robinson's prior convictions. At sentencing, the Court determined that Robinson was a career offender and that the guideline imprisonment

range was 292-365 months.  Robinson was sentenced to a term of imprisonment of 292 months.  His appeal of the judgment was dismissed.

II. Discussion

In his motion to vacate, Robinson asserts that he was denied effective assistance of counsel.  He also requests an evidentiary hearing. Robinson's claims of ineffective assistance of counsel are directed at three of the attorneys who represented him during the pre-plea negotiations, at the change of plea hearing, and at sentencing.

To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). There exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to show prejudice in the context of a guilty plea, the movant must demonstrate that if it were not for counsel's errors, he would have not pled guilty, but instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). The failure to show prejudice is dispositive; a court need not address the reasonableness of the attorney's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

A. The Interview Letter

Robinson first claims that he was denied effective assistance when his attorney, Murray Marks, allowed him to enter into a proffer interview by the government under the terms of an "interview letter" without first conducting any discovery.  The "interview letter," dated August 22, 2005, contained the following language:

> Before the Government can consider entering into an agreement with you, you must submit to an interview with law enforcement officers for the purpose of assessing the credibility and value of the assistance and evidence that you can provide.

> \* \* \*
>
> You must understand and agree that the Government may make derivative use and may pursue any investigative leads suggested by any statements made by or other information provided by you, subject only to the limitations stated in this letter. This includes using what you say in this interview against you at any trial or other proceeding, even if you choose not to testify. It is important that you clearly understand and agree to this now so there can be no misunderstanding later.
>
> To the extent that you admit to crimes other than those with which you are presently charged, any statements made therein will not be used as the basis for additional prosecution against you by the Government so long as you have told the truth <u>except</u> that any evidence so acquired could be used against you for all purposes if it tends to indicate commission by you, alone or as an accomplice, of any violent, assaultive crime causing injury to one or more persons.
>
> Additionally, pursuant to Section 1B1.8 of the Sentencing Guidelines, no self-incriminating information given by you will be used to enhance the Offense Level against you except as provided in that Section. However, the Government may use any statements made or other information provided by you to rebut evidence or arguments at sentencing materially different from any statements made or other information provided by you. (Emphasis in original)

Robinson agreed to the terms of the letter and submitted to an interview.

In his affidavit, Mr. Marks states that before the proffer he reviewed the discovery materials, including the incriminating statements Robinson voluntarily made after his arrest, and considered the government's evidence against Robinson to be "overwhelming." Based on his evaluation of the evidence, Mr. Marks informed Robinson that "a trial would be an exercise in futility and would only result in a considerably longer prison sentence." However, if Robinson cooperated by giving truthful information, there was at least a possibility that the government would file a motion for downward departure.

The interview letter makes clear that the government was unwilling to even consider a plea agreement unless Robinson submitted to a proffer. Entering into a plea agreement was the only way that Robinson could avoid a mandatory minimum 10-year

sentence of imprisonment.[1]  Mr. Marks' recommendation that Robinson submit to the interview did not fall below an objective standard of reasonableness given that it provided an opportunity for Robinson to benefit himself.  Further, Robinson has not demonstrated that, but for Mr. Marks' advice, he would have proceeded to trial.

### B. Guilty Plea Proceedings

Robinson's second claim is that he received deficient advice to enter into a plea agreement with the government.  On the first day of trial, Robinson indicated that he wanted to plead guilty.  His attorney at the time, Henry M. Miller, Jr., then approached the government's attorney to begin drafting a plea agreement.   During the change of plea hearing, Robinson stated under oath that he understood the plea agreement, that he agreed with the facts it contained, and that he was pleading guilty voluntarily.  In his affidavit, Mr. Miller states that he researched the relevant sentencing guidelines and that he was fully prepared to proceed with the trial.  Robinson does not dispute this.

Robinson admits that Mr. Miller thoroughly reviewed the plea agreement with him.  He complains, however, that Mr. Miller failed to determine that the plea agreement contained information Robinson had provided during the August 22, 2005 interview and that the government had agreed not to use, pursuant to U.S.S.G. 1B1.8.  Because Mr. Miller failed to "read the [interview] letter in a light most favorable to his client," he improperly advised Robinson to enter into the plea agreement.

As set forth above, the interview letter permitted the use of Robinson's statements "at trial or [in] any other proceeding."  Thus, Robinson's assertion that his

---

[1] At the time of the proffer interview, the government had not yet filed the criminal information that enhanced the potential sentence to life imprisonment.

–4–

statements could have been used against him only if he proceeded to trial is contradicted by the interview letter. Moreover, his assertion is illogical: Although Robinson states that he pled guilty because he feared the government would use the statements against him at trial, he nevertheless entered into a plea agreement that contained the very statements he sought to avoid.

Mr. Miller did not render ineffective assistance by failing to interpret the interview letter in an unreasonable way. Even if Mr. Miller's performance fell below an objectively reasonable standard, Robinson has not demonstrated that he would not have pled guilty but would have instead insisted on going to trial.

### C. Sentencing

Robinson's remaining allegations of ineffective assistance are directed at Carter Collins Law, the attorney who represented him at sentencing. He first asserts that Ms. Law should have argued that the government breached the terms of the interview letter by using his statements against him in the plea agreement. As she states in her affidavit, Ms. Law determined that the interview letter "explicitly permitted the government to make use of anything [Robinson] said in the interview." As such, any claim of breach would have been meritless. Moreover, Ms. Law correctly determined that Robinson's status as a career offender—not the quantity of drugs—was the determining factor in calculating his offense level. Thus, it would have been futile to claim that Robinson's sentence was improperly based on drug quantity information that he disclosed in the proffer interview.

Robinson next asserts that Ms. Law failed to object to the methamphetamine calculation. To the contrary, the record shows that Ms. Law filed a sentencing memorandum in which she argued against the drug quantity calculation. Additionally,

Ms. Law argued for a sentence below the guideline range. The Court considered and denied both arguments.

Robinson has failed to show that Ms. Law's performance fell below an objective standard of reasonableness. Also, he has not demonstrated that, but for counsel's alleged errors, he would not have pled guilty but would instead have insisted on going to trial.

### III. Conclusion

For the foregoing reasons, the Court concludes that Robinson has not shown that he is entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion. Additionally, the Court finds that Robinson has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2011.